**IN THE UNITED STATES DISTRICT COURT**
**EASTERN MISSOURI EASTERN DIVISION**

| | |
|---|---|
| **DIANE MURRAY,** ) | |
| ) | |
|     **Plaintiff,** ) | |
| ) | **Case No.:** |
| vs. ) | |
| ) | |
| ) | |
| **LIFE INSURANCE COMPANY** ) | |
| **OF NORTH AMERICA d/b/a CIGNA,** ) | |
| ) | |
|     **Serve:** ) | |
| ) | |
|     **Defendant.** ) | |

**COMPLAINT**
**EMPLOYEE RETIREMENT INCOME SECURITY ACT**

**COMES NOW** Plaintiff Diane Murray, by and through undersigned counsel, pursuant to the Employee Retirement Income Security Act of 1974, as amended 29 U.S.C. §1001 *et. seq.*, and for her cause of action against defendant Life Insurance Company of North America d/b/a Cigna (hereinafter "Cigna"), respectfully states the following:

1. Plaintiff Diane Murray (hereinafter "Ms. Murray") brings this action against Defendant Cigna for damages caused by the Defendant's breach of statutory, contractual, and fiduciary obligations and violations of the Employee Retirement Income Security Act of 1974, as amended 29 U.S.C. § 1001 *et. seq.* ("ERISA").

2. This is an action brought pursuant to 29 U.S.C. §1132(e)(1) and 28 U.S.C. §1331. Under 29 U.S.C. §1132(f), the Court has jurisdiction without respect to the amount in controversy or the citizenship of the parties.

3. Venue is proper in this District pursuant to 29 U.S.C. §1132(e)(2), in that the subject employee welfare benefit plan and employee insurance program are administered in this

Page **1** of **9**

District, the breaches of duty herein alleged occurred in this District, and Defendants reside or are found in this district.

## Parties

4. Ms. Murray is an individual residing in St. Louis County, in the Eastern District of Missouri. Ms. Murray was an employee of Sodexo, Inc., and is a vested participant in a Group Insurance Policy which provides an employee benefit plan within the meaning of 29 U.S.C. § 1132(a).

5. Ms. Murray has standing to bring this action as a beneficiary under 29 U.S.C. §1132(a).

6. Defendant Cigna provides coverage for certain employees of Sodexo, Inc. under an employee welfare benefit plan (hereinafter "Plan") within the meaning of 29 U.S.C. § 1002(1). Specifically, Cigna provides Long Term Disability benefits (hereinafter "LTD"), among other benefits for Sodexo, Inc.

7. Cigna is an insurance company incorporated in Pennsylvania and is doing business in Missouri under a license to do business as a Foreign Insurance Company.

8. Cigna administers and pays benefits under the terms of the LTD plan and is a fiduciary within the meaning of 29 U.S.C. §1002(21) and 1102.

9. Sodexo, Inc. serves as the plan administrator and sponsor under the meaning of 29 U.S.C. § 1002(16).

## Procedural History

10. The stated reason for disability was Major Depression Disorder. Ms. Murray further suffers from hypertension, chronic kidney disease stage 3, diabetes mellitus type 2, coronary artery

disease, atrial fibrillation, congestive heart failure, and osteoarthritis. Additionally, her surgical history was notable for total knee replacement and cardiac stent placement.

11. Major Depression Disorder is recognized in the Diagnostic and Statistical Manual – V (DSM-V) as a psychiatric disorder that is categorized as an "Axis I" diagnosis.

12. Since Ms. Murray's claim for long-term disability benefits occurred within twelve (12) months of Ms. Murray's effective date of coverage, under the Plan's Pre-Existing Condition Limitation, Cigna could evaluate to determine if the condition for which Ms. Murray was claiming disability was pre-existing.

13. On September 28, 2020 Cigna denied Ms. Murray's claim for benefits, stating that there was insufficient medical evidence to support disability.

14. The medical evidence provided by Ms. Murray's medical providers Dr. Naumovich and Ms. Psara establish that Ms. Murray was unable to function because of her depression.

15. Cigna failed to produce any medical evidence to refute the medical opinions of Dr. Naumovich and Ms. Psara.

16. On April 7, 2021 Ms. Murray appealed the wrongful denial of Ms. Murray's LTD benefits.

17. In support of her appeal Ms. Murray submitted updated and additional medical records from Dr. Naumovich and Ms. Psara that supported the fact that Ms. Murray was disabled.

18. The forty-five day deadline established by federal regulation for Cigna to determine the appeal was May 22, 2021.

19. On June 21, 2021 – on month after it was required to have made a determination on the April 7, 2021 appeal – Cigna requested an additional 45 days to make a coverage

determination. Under this requested extension Cigna was required to made a determination by August 5, 2021.

20. Cigna did not make a determination regarding Ms. Murray's write to benefits by August 5, 2021.

21. On September 15, 2021 a letter was sent to Cigna pursuant to 29 CFR § 2560.503-1(1)(2)(ii) requesting an explanation to, be delivered within 10 days, as to why no policy determination had been made.

22. Cigna did not respond to the September 15, 2021 letter.

23. On October 12, 2021 Cigna sent correspondence indicating that Ms. Murray's appeal had been denied and the decision to deny her benefits was upheld.

24. In the October 12, 2021 letter Cigna identified two letters dated April 23, 2021 and June 8, 2021 requesting additional information. Review of these letters – which will be produced as part the of the insurance claim file that will serve as the administrative record in this proceeding – demonstrates that no additional information was requested therein and no tolling period was invoked.

25. On October 14, 2021 a second letter was sent to Cigna pursuant to 29 CFR § 2560.503-1(1)(2)(ii), requesting an explanation of what information was requested and what tolling period the denial letter was referencing.

26. Cigna sent no response to the October 14, 2021 letter.

27. On October 28, 2021, Cigna again sent the denial letter.

## Standard of Review

28. Cigna failed to utilized its discretion in determining Ms. Murray's claim in the following ways:

      a.      Failed to make a determination regarding Ms. Murray's appeal within the initial 45 day time period required by 29 C.F.R. §2560.503-1;

      b.      Cigna failed to timely and appropriately request additional time to review Ms. Murray's appeal in accordance with 29 C.F.R. §2560.503-;

      c.      Cigna failed to properly make a determination regarding Ms. Murray's appeal following the requested additional time in accordance with 29 C.F.R. §2560.503-1;

      d.      Cigna failed to provide a written response to the September 15, 2021 29 CFR § 2560.503-1(1)(2)(ii) letter; and

      e.      Cigna failed to provide a written response to the October 2, 2021, 29 CFR § 2560.503-1(1)(2)(ii) letter.

29. Because of Cigna's forging failures to utilize whatever discretionary authority by failing to make a timely decision and/or following the appropriate federal regulations, the appropriate standard of review in this matter is *de novo*.

## COUNT I
## WRONGFUL DENIAL OF BENEFITS PURSURANT TO 29 U.S.C § 1132 (a)(1)(b)

30. Paragraphs 1-29 are incorporated herein by reference as if fully stated herein.

31. At all times relevant Ms. Murray was disabled as defined by the governing plan document and entitled to long-term disability benefits in that she was physically unable to complete the material duties of her job with Sodexho.

32. Ms. Murray's physical limitations were documented and prescribed by her medical providers.

33. At all times relevant Ms. Murray was under the care of physicians.

34. Cigna has not produced any medical evidence that refutes the restrictions and limitations prescribed by her medical providers.

35. Cigna's denial of benefits was not supported by any medical evidence and is not supported by the plan language of the governing plan documents.

36. As a result of Cigna's wrongful denial of benefits Ms. Murray has been damaged in the amount of unpaid benefits.

37. Cigna's denial is required to pay the benefits due under the Plan's terms, together with prejudgment interest attorney's fees and costs.

WHEREFORE, Plaintiff Diane Murray respectfully prays for judgment against Defendant Life Insurance Company of North America d/b/a Cigna in the amount of unpaid past benefits, for an Order that Defendants begin future long term disability and optional disability benefits payments to Plaintiff under the terms of the Plan, for attorney's fees and costs, and for any other such relief as the court deems just and proper.

## COUNT II
## BREACH OF FIDUCIARY DUTY PURSUANT TO 29 U.S.C. § 1132(a)(3)

38. Paragraphs 1-37 are incorporated herein by reference as if fully stated herein..

39. Ms. Murray also brings this claim against Cigna under ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), which permits a participant to bring an action to enjoin any act or practice which violates ERISA or the terms of the plan or to obtain other appropriate equitable relief to redress such violations or to enforce any provisions of ERISA or the terms of the plan.

40. In denying Ms. Murray's benefits under the Plan, Cigna, acting as a fiduciary in the administration of Ms. Murray's claim, failed to adequately consider the facts and circumstances regarding her claims, failed to adequately investigate the facts supporting her claim, and relied on biased reviews of Ms. Murray's medical conditions in terminating benefits.

41. ERISA § 503, 29 U.S.C. § 1133 requires that every employee benefit plan must:

    a) provide adequate notice in writing to any participant or beneficiary whose claim for benefits under the plan has been denied, setting forth the specific reasons for such denial, written in a manner calculated to be understood by the participant; and

    b) afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review by the appropriate named fiduciary of the decision denying the claim.

42. As set forth above, Ms. Murray provided objective medical information regarding his disability, however Cigna made its claims decisions without reviewing that information or giving that information the appropriate consideration and weight.

43. Cigna interpreted the provisions of the Plan arbitrarily and inconsistently and did not provide Ms. Murray with a reasonably clear explanation of what evidence they required her to provide, and what standards and guidelines they were utilizing to determine LTD coverage under the Plan.

44. Cigna's wrongful determination of LTD benefits was the direct result of a faulty or incomplete review process that failed to meet the standards of ERISA.

45. Cigna will continue to wrongfully deny beneficiaries – like Ms. Murray – if this Court does not require a review of Cigna's claim review procedures and enjoin Cigna to revise its review process to be consistent with federal law, federal regulations, as well as all state and local laws and regulations that govern the insurance industry in this State.

46. As a result of Cigna's violations of ERISA, Ms. Murray suffered actual harm, as she was denied benefits to which she was entitled under the Plan, she incurred attorneys' fees and costs, and suffered other financial losses.

47. Cigna breached Its fiduciary duties under ERISA § 404, 29 U.S.C. § 1104, insofar as they failed to discharge their duties handling Ms. Murray's benefits claim in a careful, skillful, and diligent manner.

**WHEREFORE**, Plaintiff Diane Murray respectfully prays that this Court enter an order of Judgment in favor of Ms. Diane Murray in the following ways:

1) Enjoin Defendants to provide a procedure for a full and fair review of adverse determinations under the Plan in accordance with 29 U.S.C. § 1133;

2) Order a review of Defendants claim review practices

3) Enjoin Defendants to discharge their fiduciary duties in accordance with 29 U.S.C. § 1104;

4) Order a review of Ms. Murray's claim under the ERISA compliant review procedure; and

5) Order restitution or surcharge to disgorge Defendants' unjust enrichment in wrongfully delaying and denying benefits and/or to make Plaintiff whole for losses, and payment of his attorneys' fees caused by Defendants' violation of 29 U.S.C. § 1133 and breach of fiduciary duty;

6) Order that Defendant pay the costs of suit, including Plaintiff's attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g); and

7) Award all such other and further relief as this Court deems just and proper.

**GALLGHER DAVIS, L.L.P.**

*/s/ Adam J. Olszeski*
Matthew R. Davis, MO58205
Adam J. Olszeski, MO66126
2333 South Hanley Road
St. Louis, Missouri 63144
(314) 725-1780
Fax: (314) 725-0101
matt@gallagherdavis.com
adam@gallagherdavis.com

Attorneys for Plaintiff